Ballance *v.* Frisby *et al.*

CHARLES BALLANCE, appellant, *v.* WILLIAM FRISBY and GEORGE T. METCALF, appellee.

*Appeal from Peoria.*

Where two persons are jointly indebted to a third, either has a right to pay the debt, and call on his co-debtor to repay his moiety. The payment may be proved by either the verbal or written confession of the person to whom the payment ought to be made; and his receipt is *prima facie* evidence that the payment has been made.

In an action in the Circuit Court by an administrator, unless the defendant interposes a plea that the plaintiff is not administrator, the plaintiff's right to sue in that character is admitted. In actions before justices of the peace, the proceedings are all *ore tenus;* and consequently the plaintiff, if an administrator, is not required to prove that he is entitled to sue in that character, unless it is objected, on the trial, that he is not administrator.

THIS was a suit originally instituted before a justice of the peace of Peoria county, and carried by appeal to the Circuit Court. In that Court the cause was tried at the October term, 1839. The bill of exceptions shows that,

" The plaintiff proved that about the date of said award the said arbitrators assembled at Peoria, and were engaged in hearing the cause, two, three, or four days; that the said Ballance appeared before and made his defence without objection; that the said Dan Stone, at the time of said award, lived at Galena, a distance of about one hundred and fifty miles, and it was not proved that he had any other business at Peoria, otherwise than that he was the judge of the circuit, and came there occasionally to hold the regular terms of the Court; that he had the spring and winter before lived at Springfield, and had on one occasion passed Peoria on his way to his old residence at Springfield, and that on that occasion he had talked some of coming to Peoria to reside. The plaintiff then proved the signature of the said Dan Stone to a receipt, which is as follows: 'Feb. 11th, 1838. Lewis Bigelow, Isaac Underhill, and Charles Ballance, to Dan Stone, Dr. — For expenses, travel, and services in attending arbitration at Peoria, $150,00. Received of Lewis Bigelow the above sum of one hundred and fifty dollars. Feb. 12th, 1838. Dan Stone :' and offered the same in evidence, which was objected to by defendant, but admitted by the Court; and thereupon the said defendant excepted to the judgment of the Court, in admitting said receipt as evidence to the jury. The plaintiff further proved that if the said Dan Stone came all the way from Galena, at the peculiar season of the year when the award was made, at his own expense, for the purpose of acting as arbitrator, and making said award, that the sum of one hundred and fifty dollars was not an unreasonable compensation therefor.

" Thereupon the defendant proved by one witness that the com-

mon charge of an arbitrator in common neighborhood arbitrations, was two dollars per day, and by one other witness that the most he had charged by the day was five dollars, and that he had charged fifty cents an hour for a less time than a day. This was all the evidence, and thereupon, after verdict, the defendant moved the Court for a new trial, which motion was overruled by the Court ; to which decision of the Court in overruling said motion the said defendant excepted, and moves the Court to sign and seal this his bill of exceptions, which is done.

"Thomas Ford, [seal.] "

Verdict and judgment were rendered for the plaintiff for $ 58, and the defendant appealed to this Court.

The errors assigned are as follows :

" First. Said Court erred in permitting said receipt to be read to the jury, without the plaintiffs' having first accounted for the non-production of said Dan Stone as a witness. Secondly. To sustain said verdict it was incumbent on the plaintiffs to prove, 1st. The payment of said sum in said receipt specified by legal evidence ; 2d. That said Dan Stone came to Peoria for the purposes of said arbitration ; 3d. That said plaintiffs were the administrators of said Bigelow. Therefore, said verdict being both unauthorized and against the evidence, the Court erred in not granting a new trial."

O. Peters and C. Ballance, for the appellant, cited 1 Marshall 354 ; 3 Dane's Abr. 409 ; 1 Espinass' N. P. 86, 87 ; Chit. on Cont. 6 – 10 ; 1 Chit. Plead. 45, 385, and authorities there cited.

W. Frisby and G. T. Metcalf, in propria persona.

Lockwood, Justice, delivered the opinion of the Court :

This was an action of assumpsit brought originally before a justice of the peace, by L. Bigelow against Ballance, for money paid to his use. On the death of Bigelow the suit was renewed in the name of Frisby and Metcalf, as administrators. On the trial of the cause in the Circuit Court, it appears, from the evidence, that Bigelow and one Underhill, having a controversy with Ballance, submitted their differences to three arbitrators chosen by the parties. That the arbitration took place, and each of the parties attended ; that the arbitrators made an award in pursuance of their authority. The plaintiffs below then proved the signature of Dan Stone, one of said arbitrators, to a receipt, which is as follows, to wit : " Feb. 11, 1838. Lewis Bigelow, Isaac Underhill, and Charles Ballance, to Dan Stone, Dr. — For expenses, travel, and services, in attending arbitration at Peoria, $150,00. Received of Lewis Bigelow the above sum of one hundred and fifty dollars. Feb. 12, 1838. Dan Stone."

To the reading of this receipt in evidence the defendant objected, which objection was overruled, and the receipt was read as evidence.

The assignment of errors questions the correctness of the decision of the Court below in permitting the receipt to be given in evidence. By an examination of the bill of exceptions taken in this cause, it appears that the only object of the plaintiff below, in offering the receipt, was to prove the payment of the money to D. Stone ; other evidence having been adduced to prove that the plaintiff below and the defendant were jointly indebted to Dan Stone. Both the plaintiff and defendant being jointly indebted to D. Stone, either had a right to pay the money, and call on his co-debtor to repay his moiety of the debt. To prove the payment either the verbal or written confession of the person to whom the payment ought to be made, was *prima facie* evidence that the payment had been made. The receipt was not evidence that the parties were indebted to Stone, and was not offered for that purpose. The Court below consequently decided correctly in permitting the receipt, after its execution had been proved, to be read in evidence. It is also relied for error, that no evidence was given in the Court below, that Frisby and Metcalf were administrators of Bigelow. No objection was made, on the trial, that they were not administrators. In actions originally commenced in the Circuit Court, unless the defendant interposes a plea that the plaintiff is not administrator, the plaintiff's right to sue in that character is admitted. (1) In actions originally commenced before a justice of the peace, the parties do not file written pleadings. The proceedings are all *ore tenus ;* and consequently the plaintiffs were under no necessity of proving that they were administrators, unless the defendant, on the trial, objected that they were not administrators.

The judgment, therefore, of the Circuit Court is affirmed with costs.

*Judgment affirmed.*